## Aircraft Accidents in Insurance Policies.

SAYLOR, Dep. Att'y-Gen., March 11, 1930.—We have your request for an opinion on your right to approve the use by life insurance companies doing business in the Commonwealth of a rider or provision in policies of life insurance, with or without disability and double indemnity features, exempting the companies from liability in the event of death or accident due to service or flight in various species of aircraft.

Certain life insurance companies have submitted to you for approval an application for including in their policies a rider in somewhat the following language:

"Death as a result of service, travel or flight in any species of aircraft, except as a fare-paying passenger, is a risk not assumed under this policy; but if the insured shall die as a result, directly or indirectly, of such service, travel or flight, the company will pay to the beneficiary the reserve on this policy."

Other companies desire to use a rider not containing the exception in favor of fare-paying passengers. It is the intention of these companies, in the event of receiving your approval, to include such a rider in life insurance policies thereafter issued by them, both with and without total and permanent disability provisions, and with or without double indemnity provisions.

Section 410 of the Act of May 17, 1921, P. L. 682, prescribes uniform provisions, and section 411 lists prohibited provisions for life insurance policies. Section 618 of the act prescribes standard provisions, and section 619 prescribes optional standard provisions for policies of health and accident insurance. No part of the several sections referred to is in conflict with the provisions of the above rider. There appears to be nothing in the laws of the Commonwealth prohibiting a life or casualty insurance company from limiting the coverage of its policies in the manner contemplated by the companies requesting your approval.

Section 409 of the act, as to life insurance policies, and section 616 of the act, as to health and accident insurance policies, provide that, in the event you notify a company in writing that the form of policy submitted for your approval does not comply with the requirements of the laws of the Commonwealth, you must specify the reasons for your opinion. Your action in this regard is subject to review by the court of Dauphin County. It is our opinion that were you to refuse approval of the rider in question, or of riders similar in substance thereto, you would be declining to approve policy provisions which are not in violation of the laws of the Commonwealth.

You are, therefore, advised that it is proper for you to approve the application of life insurance companies for inclusion in life insurance policies, with or without total and permanent disability and double indemnity provisions, of a rider exempting from coverage the death or injury of the insured as a result of service, travel or flight in any species of aircraft.

From C. P. Addams, Harrisburg, Pa.